IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| KENNETH CAIN | § | |
| v. | § | CIVIL ACTION NO. 5:11cv144 |
| LONNIE SMITH, ET AL. . | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Kenneth Cain, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights in the Texas Department of Criminal Justice, Correctional Institutions Division. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. As Defendants in his lawsuit, Cain originally named Sgt. Lonnie Smith, Lt. Ricky Leakes, and the State of Texas. Lt. Leakes has previously been dismissed.

Cain's original complaint read, in its entirety, as follows:

> Sgt. Lonnie Smith assaulted me with handcuffs in a major use of force. By bloodying my nose and putting my tooth through my upper lip and knocking loose a tooth to wear [sic] it had to be pulled out.

The Magistrate Judge ordered Cain to file an amended complaint setting out his claims with more specificity. Cain's response to this order read, in its, entirety, as follows:

> On January 19th Sgt. Lonnie Smith did there on that date hit Mr. Cain in the back of the head along with the mouth, nose, and the right side of the forehead with a pair of handcuffs. An[d] [be]cause of that Mr. Cain had to have his bottom tooth to be pulled out because of a broken root.
>
> Defendants: Sgt. Lonnie Smith

1

> State of Texas is involved because it is the employer of Sgt. Lonnie Smith and is responsible for Mr. Smith's actions. Sgt. Lonnie Smith is involved by assaulting Mr. Cain with a pair of handcuffs.
>
> Harm that Mr. Cain suffered was lose [sic] of a bottom tooth and scars on upper lip.
>
> Relief: Monetary funds for pain and suffering, time commuted off my sentence.

Sgt. Smith has filed a motion for summary judgment, arguing the use of force was necessary to restore order and discipline. Smith stated he had been supervising 7 Building when Cain was brought there by Lt. Leakes. When they arrived, Cain became angry because he did not "get commissary," and Smith tried to calm him without success. When Cain continued to yell and threaten Leakes, Smith tried to put Cain's hands behind his back to restrain him. Cain jerked away and tried to hit Smith, who then struck Cain.

In support of his motion, Sgt. Smith furnished summary judgment evidence in the form of the use of force report and a video. In a statement which Cain gave as part of the use of force report, Cain acknowledged he "called Lt. Leakes a hoe and refused handcuffs. Then on the bldg I pulled my arm out of Sgt. Smith's hand and said 'don't f*cking touch me.'" Cain went on to assert Sgt. Smith "attacked him from behind" and he, Cain, turned to push Smith away. When he did so, Cain claimed, Smith hit him, causing Cain to "defend myself as best I could."

After reviewing the pleadings and evidence, the Magistrate Judge issued a Report recommending that the motion for summary judgment be granted and the lawsuit be dismissed. The Magistrate Judge reviewed the standards for determining Eighth Amendment excessive force cases, as set out by the Fifth Circuit in Baldwin v. Stalder, 137 F.3d 836, 839 (5th Cir. 1998). These standards include review of five non-exclusive factors: (1) the extent of the injury suffered, (2) the need for the application of force, (3) the relationship between the need and the amount of force used, (4) the threat reasonably perceived by the responsible officials, and (5) the efforts made to temper the severity of a forceful response. These are known as the "Hudson factors." *See* Hudson v. McMillian, 503 U.S. 1, 7 (1992); Martin v. Seal, 510 Fed.Appx. 309, 2013 WL 387876 (5th Cir., January 31. 2013). However, the "core judicial inquiry" in Eighth Amendment use of force cases

2

is whether the force was used in a good faith effort to restore discipline or maliciously and sadistically for the very purpose of causing harm. Wilkins v. Gaddy, 559 U.S. 34, 36 (2010).

In applying these standards, the Magistrate Judge determined that the first factor weighed in Cain's favor and the fifth weighed slightly in Cain's favor, but the second, third, and fourth factors weighed against him. With regard to the core judicial inquiry in use of force cases, which is whether the force was used in a good faith effort to restore discipline or maliciously and sadistically for the very purpose of causing harm, the Magistrate Judge observed that Cain's own statement concedes he was verbally abusive, refused to comply with orders, and pulled away from Sgt. Smith while saying "don't f*cking touch me." These actions plainly resulted in a breach of discipline and Sgt. Smith was entitled to use force to restore the discipline which Cain concedes he breached. Thus, the Magistrate Judge determined Sgt. Smith's motion for summary judgment was meritorious and Sgt. Smith was entitled to qualified immunity. The Magistrate Judge also concluded Cain's claims against the State of Texas were barred by the doctrine of sovereign immunity.

Cain did not file objections to the Magistrate Judge's Report, but has filed an untimely response to the motion for summary judgment. In the interest of justice, this response will be construed as objections to the Report.

In his response, Cain argues at length that his injuries were more than *de minimis*. The Magistrate Judge agreed with this conclusion, stating that the first Hudson factor - the extent the injury suffered - weighed in Cain's favor.

Next, Cain states he wishes to add E. Proios, the mailroom supervisor at the Jester IV Unit, to his lawsuit as a defendant, stating the Attorney General mailed Cain copies of color photographs as discovery but Proios would not allow him to receive them. A form attached to Cain's response shows the reason given for the denial of the photographs was that they were "not subject to open records."

To the extent Cain's response may be construed as objections to the Magistrate Judge's Report, these objections are without merit. Cain's injuries were recounted by the Magistrate Judge

as a factor which weighed in his favor; however, the summary judgment evidence as a whole showed the force was used in a good faith effort to restore discipline rather than maliciously and sadistically for the purpose of causing harm, and as a result did not violate the Eighth Amendment. Cain did not object to the Magistrate Judge's conclusion in this regard, nor to the Magistrate Judge's determination concerning the State of Texas; accordingly, he is barred from *de novo* review by the district judge of these findings, conclusions, and recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to factual findings and legal conclusions accepted and adopted by the district court. Douglass v. United Services Automobile Association, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

Cain's request to add the mailroom supervisor at the Jester IV Unit to his complaint also lacks merit. Fed. R. Civ. P. 20 only allows the joinder of multiple parties if the claims arose out of a single transaction and contain a question of fact or law common to all of the defendants. In this case, Cain wants to add a claim of interference with mail by one person to a claim of use of force by another, where the incidents took place on different prison units hundreds of miles apart. He has not shown the events arose from a single transaction nor that they contain a common question of law or fact. In addition, the Jester IV Unit is not within the territorial jurisdiction of the Eastern District of Texas. Thus, joinder of a claim against the mailroom supervisor at the Jester IV unit is not appropriate in this case; Cain may pursue this claim, if he wishes, in a separate lawsuit.

The Court has conducted a careful *de novo* review of the pleadings, records, and evidence in this case, including the Report of the Magistrate Judge and the Plaintiff's response to the motion for summary judgment, which response has been construed as objections to the Magistrate Judge's Report. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and the Report of the Magistrate Judge (docket no. 41) is ADOPTED as the opinion of the District Court. It is further

ORDERED that the Plaintiff's claims against the State of Texas are hereby DISMISSED with prejudice as frivolous and for failure to state a claim upon which relief may be granted, in that such claims are barred by the doctrine of sovereign immunity. It is further

ORDERED that the Defendant Sgt. Lonnie Smith's motion for summary judgment (docket no. 37) is GRANTED and the above-styled civil action be and hereby is DISMISSED with prejudice. Such dismissal shall have no effect upon the Plaintiff's right to pursue such claims as he may have against the mailroom supervisor at the Jester IV Unit. Finally, it is

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED.

**It is SO ORDERED.**

**SIGNED this 19th day of August, 2013.**

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE